In re RUPPEL.

(District Court, W. D. Pennsylvania. October 27, 1899.)

No. 60.

BANKRUPTCY—BANKRUPT TENANT—LANDLORD'S LIEN FOR RENT.

Where a tenant of realty, holding under a lease which contains a clause of forfeiture and right of re-entry for breach of conditions, becomes bankrupt, and the leasehold interest is sold by the trustee in bankruptcy, the landlord of the demised premises has no lien, under the laws of Pennsylvania or at common law, upon the proceeds of the sale of the leasehold, for the rent overdue at the time of the bankruptcy.

In Bankruptcy. On question certified by W. R. Blair, referee in bankruptcy.

Robert B. Petty, for landlord.
Joseph Stadtfelt, for trustee.

BUFFINGTON, District Judge. The referee's certificate involves the question whether, on a trustee's sale of a leasehold, the landlord of the demised premises has a lien on the proceeds for overdue rent. It is clear he has none under the Pennsylvania statute of June 16, 1836; for the lien there given only extends to "the goods and chattels being in and upon" the premises. It is urged, however, such a lien exists by virtue of the re-entry clause in the lease before us, which is as follows:

"Upon the breach of any or all the conditions of this lease, or at any time thereafter, at the option of the lessors, all the rights of the lessee shall fully cease and determine, and the lessors may proceed to gain possession of the said premises, with or without any writ or legal process, and without notice (the lessee hereby waiving all notices in regard to gaining possession), the same as if the full term, or any of its renewals, had fully ended, using such and so much force as may be needed to that end."

We are unable to agree with this contention, and find no Pennsylvania decisions warranting it. In Bantelon v. Smith, 2 Bin. 146, a lien by virtue of a re-entry clause was given, but that was a sale of land subject to ground rent, and the right of re-entry was not a right of forfeiture, as in the present case, but a right to re-enter and "hold the land until the arrearages of rent should be fully paid." In analyzing that case in Bank v. Heilner, 47 Pa. St. 458, the supreme court said:

"The ruling in Bantelon v. Smith turned upon the special covenant of the deed. There is no such covenant in this mining lease. There is no power reserved to enter and hold the premises for arrears of rent, but there is a general right of entry to declare a forfeiture of the lease for breach of any of the numerous conditions of the lease. Now, it seems to me very illogical to argue

from a covenant of re-entry, merely to hold for arrears of rent, to a covenant of forfeiture, which extinguishes the term. In the one instance, a lien may exist, for there is an estate to be bound by it; but in the other the power is to destroy the estate, and liens cannot, of course, survive the estate bound by them. Forfeiture under this lease would not give the landlord his rent. It would be like the old remedy of the feudal lord against his unfaithful vassal, before the milder invention of distress, which, instead of securing the reditus, extinguished the feud."

It is true cases are found where liens have been sustained on leases where there was a simple right of re-entry in the nature of a forfeiture, but such cases concern mining leases. Moreover, their authority has been questioned in later cases (see criticism of Spangler's Appeal, 30 Pa. St. 277, in Bank v. Heilner, 47 Pa. St. 459); and it has been held, also, in Dickinson v. Beyer, 87 Pa. St. 278, "that rent reserved in a coal lease was analogous to a ground rent."

In the absence of any decision by the supreme court of Pennsylvania giving, in an ordinary lease of a building, the effect here contended for to a re-entry forfeiture clause, we hold no such lien exists, since such is the common law. This question was so determined by the court of appeals of South Carolina in Hamilton v. Reedy, 3 McCord, 38; and, we are informed, by all of the judges of common pleas No. 3, of Allegheny county, in the case of the Phœnix Brewing Company against John A. Lyons (not reported).

The referee will distribute accordingly, costs of taking testimony to be paid by landlord claimant.