### In re GERRY.

(District Court, E. D. Pennsylvania. January 13, 1902.)

#### No. 672.

1. BANKRUPTCY—CLAIMS PAYABLE OUT OF PROCEEDS OF SALE—LIENS.

Several tracts of land and personal property of a bankrupt being sold for a lump sum, and the sale having been unanimously agreed to at a meeting of creditors, of which claimant had notice, his municipal claim, which was a lien on one of the tracts, is not payable out of the proceeds; it being impossible to say that sufficient money to pay it was produced by the tract bound for it.

2. SAME.

A sale of bankrupt's property being made subject to incumbrances, including liens for municipal claims, and the sale having been unanimously agreed to at a meeting of creditors, of which claimant had notice, his municipal claim, which was a lien on one of the tracts sold, is not payable out of the proceeds, but his remedy is against the land alone.

In Bankruptcy. Certificate of referee disallowing claim of Frederick Wilkins.

John Dickey, Jr., for trustee.
William Drayton, for creditor Frederick Wilkins.

J. B. McPHERSON, District Judge. The claimant is the owner of a municipal lien against two pieces of real estate formerly belonging to the bankrupt, and, the property having been sold to Christopher Fallon for cash, payment of the lien is asked out of the proceeds of sale. The learned referee disallowed the claim upon the ground "that the lien, not being a personal obligation of the bankrupt, is not collectible from the estate." Without intimating an opinion upon the correctness of this reason, I think the action of the referee was clearly right upon another ground. The land bound by the lien consists of two among twelve pieces of realty belonging to the bankrupt's estate. These lots, together with a large amount of machinery and personal property of various kinds, including, inter alia, book accounts and bills receivable, were sold by the trustees under a referee's order of sale for the lump sum of $27,500. This sale was unanimously agreed to at a meeting of the creditors, of which meeting the claimant had notice; and as he did not object, either then or afterwards, he actually or presumably assented to what was done. It seems clear to me, therefore, that even if, under ordinary circumstances, his lien would have been discharged by a referee's sale in case money enough was produced by the two lots to pay the lien, it is impossible, under the facts

in hand, to determine that sufficient money was produced by the land that was bound for his claim. No apportionment of the price paid is possible. This condition having been brought about by the decision of the creditors, in which he took part, to sell the real and personal property for a lump sum, it is, I think, evident that his claim for payment out of this sum cannot be allowed.

Moreover, the order of sale, to which, also, he must be held to have assented, declared that the property was to be sold subject to incumbrances; and I have just decided, upon Christopher Fallon's petition for review, that "incumbrances" include a lien such as the exceptant is now urging for payment. For this reason, also, I think the claim cannot be supported. His remedy, by his own act, continues against the land, and against the land alone.

The decision of the referee is approved.