### In re KLAPHOLZ et al.

(District Court, E. D. Pennsylvania. March 21, 1902.)

#### No. 1,113.

BANKRUPTCY—PRIORITIES—WAIVER OF LIEN.

A manufacturer of clothing, though having had a lien for the full amount of his debt on clothing sold by him to a bankrupt, was nevertheless not entitled to priority of payment out of the fund in the trustee's hand produced by a sale of all the bankrupt's property, including the clothing manufactured by him and by third persons, and various other articles, made by a receiver under an order of court, where he had notice of the sale, but did not ask to have his clothing sold separately, and where there was no evidence concerning the price for which it sold.

In Bankruptcy.

Howard E. Heckler, for a creditor.

Henry W. Wessel, for trustee.

J. B. McPHERSON, District Judge. Conceding, for present purposes, that the claimant had a lien for the full amount of his debt upon the clothing shipped October 2, 1901, I am nevertheless of opinion that he cannot be awarded priority of payment out of the fund in hand, for the following reasons: The fund was produced by the sale of all the bankrupt's personal property, including the clothing manufactured by the claimant, clothing manufactured by other persons, and various other articles; and there is no evidence concerning the price for which the suits in question were sold. The claimant had notice of the sale, which was made by the receiver under an order of court, and was afterwards duly confirmed without objection; and he should have asked the court to direct this clothing to be sold separately, in order that the

fund thus produced might be earmarked, and the validity of his claim upon it be considered. The court had no knowledge that he was asserting a lien for the manufacture of these goods, and, as they had passed out of his possession into the custody of the receiver, it was his duty to make seasonable claim to priority of payment. Otherwise he must be held to have taken the risk that the goods might be sold in such a manner that the proceeds might be indistinguishably mingled with the proceeds of the other property of the bankrupt; In re Gerry (D. C.) 112 Fed. 957.

The referee is instructed to disallow the claim to priority.