GEORGE CARROLL & BRO. CO. et al. v. YOUNG.

(Circuit Court of Appeals, Third Circuit. January 7, 1903.)

No. 24.

1. BANKRUPTCY—RIGHTS OF LIEN CREDITORS—SALE OF PROPERTY AS AN ENTIRETY.

The principal asset of a bankrupt corporation was its manufacturing plant, consisting of a building on ground leased for a term of years and the machinery and appliances therein used by the bankrupt in carrying on its business, upon which there were various liens. Certain creditors, having valid mechanics' liens for the price of materials used in the construction of the building, which under the statute bound the building and the leasehold interest of the bankrupt in the land, objected to the granting of an order authorizing the trustee to sell the property as an entirety free from liens, upon the ground that all lien creditors did not stand upon the same basis, and that, in case of such sale, it would be impossible to tell how much of the fund each represented, or against what portion it could be enforced. The order was made, but "without prejudice to the right of lien creditors to claim from the fund derived from the sale the amount of their respective liens." Held, that the objection made and such proviso in the order fully protected the lien creditors in the right to assert their preferences against the fund, without the necessity of excepting to the return of sale, and that it was the duty of the referee to recognize and enforce such right, taking evidence, if necessary, to determine as nearly as possible what portion of the proceeds of the sale represented the property covered by their liens.

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Henry A. Clark, for appellants.

John S. Rilling and Henry E. Fish, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The principal asset of the bankrupt, the Hygeian Milk Company, was its manufacturing plant, being a two-storied brick building equipped with boiler and engine, vats, pumps, tanks, and other machinery for making condensed milk, which the bankrupt had erected upon a piece of land in the city of Erie, county of Erie, Pa., held by the bankrupt under a lease for years. The appellants, the George Carroll & Brother Company and James McCarty, respectively, had furnished materials (the former, woodwork and lumber to the amount of $1,246.93; the latter, brick to the amount of $1,451) for the construction and erection of this building. Each of these parties for the materials so furnished by them had filed a lien under the provisions of the acts of assembly of Pennsylvania, and more particularly under the acts of February 17, 1858 (P. L. 29), and April 11, 1866 (P. L. 649), which extend the lien law to the interest of tenants of leased estates for "all improvements, engines, pumps, machinery, screens, and fixtures" erected by such tenants on leased lands in certain counties, including the county of Erie. The lien of the George Carroll & Brother Company, after reciting that the building stands on land leased by the Hygeian Milk Company, states that the lien is filed "against the interest of the said Hygeian Milk Company in said building and the said leased lot or piece of ground and curtilage appurtenant to said building." The lien of James McCarty states that he files his claim "against the Hygeian Milk Company, lessees of the premises hereinafter more fully and particularly described, and for material furnished for the construction and erection of a two-story building, with basement, on said premises, and against the building and the ground covered thereby, and so much other ground immediately adjacent thereto and leased to the said Hygeian Milk Company as may be necessary for the ordinary and useful purposes of the same; * * * and the lien is filed against the leasehold interest of said Hygeian Milk Company in the hereinafter described land and building, under the provisions of the acts of assembly of Pennsylvania," etc.

The referee in bankruptcy in his final report states that "the lien of the George Carroll & Brother Company, as amended, seems to be in proper form as required by the act of April 17, 1858," but that the lien of James McCarty is open to the objection that it is "not against the interest of the tenant in the specific improvement." In making this distinction, evidently the referee overlooked that part of the McCarty lien last above quoted. Both liens were filed against the interest of the tenant of the leased premises in the building and ground covered by the building, and so much ground adjacent and belonging thereto as is necessary for the ordinary and useful purposes of the building. There is no substantial difference between these liens in their terms, and we think that each of them complies with the statutory requirements. Thomas v. Smith, 42 Pa. 68, 73; Association v. Kearns, 103 Pa. 403, 407, 408. These cases decide that a building for business purposes erected by a tenant of a leased estate upon the leased land is an "improvement," within the meaning of the act of February 17, 1858, and that such building, together with the ground covered by it and so much adjacent ground as is necessary for the enjoyment of the building (to the extent of the interest of the tenant therein), is subject

119 F.—37

to liens for work done and for materials furnished for the erection of such building. We are of the opinion that the trustee in bankruptcy here took the estate of the bankrupt' subject to the liens of these appellants as filed by them, respectively.

The trustee presented to the referee in bankruptcy a petition setting forth the filing of six liens (including those of the appellants) against the property, and that it "would be impossible to realize but a small portion of the value of said building by selling the same in parcels or portions, or attempting to sell said property with said alleged liens attached," and praying for an order authorizing him to sell the property devested of all liens. The appellants each filed written exceptions to the granting of this petition. The referee, however, notwithstanding their objections, made an order that the trustee sell the property "devested of all liens, without prejudice to the right of lien creditors to claim from the fund derived from said sale the amount of their respective liens." In his return of sale the trustee reported that, "certain alleged mechanic's lien creditors" having objected to the sale of the plant as an entirety and requesting a sale of the machinery and building separately, he offered the property in three parcels, thus: First, the condensing machinery, the highest bid therefor being $1,000; second, the leasehold, building, boiler, sewerage, plumbing, and electric wiring, the highest bid therefor being $2,200; third, the engine, general plumbing, pulleys, belts, and shafting, the highest bid therefor being $150,—and that he then offered the three parcels together, and so sold them for $4,425. Afterwards, under an alias order made by the referee, the trustee sold the property as an entirety for the sum of $5,035.

Upon the distribution of the fund by the referee the appellants claimed as secured creditors by virtue of their liens. The referee, however, disallowed their claims to preference and awarded them only pro rata dividends with the general creditors. In concluding his report the referee said:

"The sale was made of the plant as an entirety, was so returned by the trustee without exception filed by said claimants, and the first time the question was fully argued, and the special, limited nature of the claimants' liens brought to the attention of the referee, was on the hearing for dividend. Whatever power the referee might have had to protect the rights of these lien claimants, if invoked in time, I am of the opinion that it is now too late for him to afford them any relief."

The learned district judge, in a brief opinion sustaining the referee, said:

"The property having been sold as a whole without objection by them, they having no lien on it as a whole, and there being nothing, moreover, in the record to show the proportionate value of any individual part to the gross purchase price, it is clear the referee rightly refuses to award preference to the claimants."

We are not satisfied with the result. It is our conviction that injustice was done the appellants. The reasons assigned by the referee and the court for depriving them of the benefit of their liens strike us as inadequate. We cannot shut our eyes to the fact that these appellants in limine filed objections to such a sale as the trustee proposed and eventually made, namely, a sale of the property as an entirety, de-

vested of all liens. The third objection filed by each of them pointed out with sufficient distinctness the very difficulty which is now brought forward as a bar to their rights as lien creditors. That objection was as follows:.

"Third, because all lien creditors do not stand upon the same basis, and, in the event of the leasehold interest, building, and the entire plant being converted into money, it would be impossible to tell how much of that fund each lien represented, and against what portion of it the lien might be enforced."

Moreover, the order of sale, while devesting all liens, contained this provision:

"Without prejudice to the right of lien creditors to claim from the fund derived from said sale the amount of their respective liens."

These lien claimants had a right to rely on this condition of the order of sale. In view thereof, it cannot fairly be urged against them that they did not file exceptions to the return of sale. That condition in the order of sale was a sufficient warrant for these claimants to go before the referee as secured creditors upon the distribution of the fund.

Again, it seems to us that there is in this record some evidence, namely, the first return of the trustee to the order of sale, tending to show the proportionate value of the particular part bound by the liens of the appellants to the gross purchase price. But, if the evidence on that point was incomplete, we think that the referee sua sponte should have taken additional proof to show the portion of the purchase price representing the building and its ground, apart from the machinery and other equipment.

It is too late to question the propriety of the order of sale which the referee made. Nor can the sale as made by the trustee be disturbed now without injustice to innocent parties. The purchase price was paid and the sale consummated. Then, too, time has been running against the term of the lease. Happily, however, the appellants are not remediless. We can open the referee's report and scheme of distribution so far as to permit these appellants as secured creditors to prosecute their claims to preference against the fund.

The decree of the district court is reversed in so far as it affected the appellants, with costs to be paid out of the estate of the bankrupt, and the cause is remanded to the court below, with direction to recommit the case to the referee in bankruptcy, with instructions to open the matter of distribution so far as to permit the George Carroll & Brother Company and James McCarty to prosecute their claims as preferred lien creditors against the fund.