In re SMITH.

(District Court, E. D. Pennsylvania.   June 9, 1903.)

No. 1,432.

1. BANKRUPTCY—WAIVER OF LIEN—ACQUIESCENCE IN SALE OF PROPERTY. [a]
    A landlord who had the right to distrain for rent, but who had notice
    that the stock and fixtures of the saloon owned by the bankrupt tenant
    had been sold by the receiver, together with the license, for a lump sum,
    and although present in court permitted the sale to be confirmed without
    objection, cannot assert a claim against the proceeds for rent, where the
    license was a valuable asset, and it would be impossible to determine
    what part of the proceeds was produced by the stock and fixtures.

In Bankruptcy.   On certificate of referee concerning landlord's claim for rent.

Henry N. Wessel, for trustee.
Simpson & Brown, for claimant.

J. B. McPHERSON, District Judge.   The bankrupt was the holder of a liquor license in this city, and owned the fixtures in a rented place of business.   At the receiver's sale, $144.61 was bid for the stock and fixtures, offered separately, and $1,000 for the license.   The stock, fixtures, and license were then offered as an entirety, and brought $3,500.   The sale was on September 16th, and upon the 18th the receiver reported the sale to the court, and asked for an order of confirmation, which was thereupon granted.   The landlord did not receive notice of the sale, but he did know when the petition for confirmation would be presented, and although he was in attendance he made no objection to the sale or to the order.   Several months afterwards he presented a petition to the referee, averring that the stock and fixtures were subject to distraint for rent, and that he was therefore entitled, under the Pennsylvania statute (P. L. 1891, p. 122), to have a year's rent paid in full out of the proceeds of the sale; arguing that, as the sum bid for the license separately was only $1,000, $2,500 should be taken as the value of the stock and fixtures, and this sum should be applied to the claim for rent.   The referee disallowed the claim on the ground that it was impossible to say how much of the fund produced by the sale was the product of the license, and how much was the product of the stock and fixtures.   I agree with this conclusion, which accords with two previous decisions in this district.   Re Gerry, 7 Am. Bankr. R. 462, 112 Fed. 957, and Re Klapholz, 7 Am. Bankr. R. 703, 113 Fed. 1002.   It is certain that no apportionment of the $3,500 can be made with any degree of accuracy; for, while it is true that only $1,000 was bid for the license separately, and therefore it may be contended with some degree of plausibility that the remaining $2,500 was bid for the stock and fixtures, it may be also contended, and with equal plausibility, that as only $144.61 was bid for the stock and fixtures separately the license must have produced the balance of the $3,500.   Clearly, the two lots as an entirety were more valuable than when offered separately, but the excess of value cannot now be assigned to its proper source or sources.

Probably each lot contributed something to the higher price, but it would be a mere guess to attempt to say how much. If the landlord had desired to object to the sale upon the ground that he had not received notice, his time for so doing was, at latest, when the petition for confirmation was presented; for of this at least he had knowledge, and he was actually present when the order was made. His acquiescence in the report and confirmation was a clear ratification of the sale in bulk, and a waiver of the failure to give him notice.

The action of the referee in rejecting the claim is approved.