### KEYSER v. WESSEL.

(Circuit Court of Appeals, Third Circuit. March 1, 1904.)

No. 50.

1. BANKRUPTCY — BUSINESS PROPERTY — SALE — PROCEEDS—APPORTIONMENT— LANDLORD'S LIEN.

Where a bankrupt's liquor stock and license were offered for sale separately, and $144.61 was bid for the stock and fixtures, and $1,000 for the license, after which the stock, fixtures, and license were offered as an entirety, and sold for $3,500, there could be no apportionment of such sum, so as to entitle the bankrupt's landlord, who had a lien on the stock and fixtures, which were subject to distraint, as authorized by Laws Pa. 1891 (P. L. 122), to have a year's rent for the premises paid in full from the proceeds of the sale.

2. SAME—NOTICE OF SALE—OBJECTIONS—WAIVER.

Where a landlord, though not having been notified of the sale of his tenant's liquor stock, fixtures, and license in bankruptcy proceedings, attended the sale, which was made in bulk for a larger sum than was offered for the stock and fixtures and the license separately, and made no objection to the sale on the hearing of the petition for confirmation, he thereby ratified the sale, and waived the objection that he was not notified.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 123 Fed. 188.

Ira J. Williams, for appellant.

C. O. Mayer, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The facts of this case have been sufficiently stated by the learned District Judge in the opinion which he filed, and in which we concur. It is as follows:

"The bankrupt was the holder of a liquor license in this city, and owned the fixtures in a rented place of business. At the receiver's sale $144.61 was bid for the stock and fixtures offered separately and $1,000 for the license. The stock, fixtures, and license were then offered as an entirety, and brought $3,500

The sale was on September 16th, and upon the 18th the receiver reported the sale to the court, and asked for an order of confirmation, which was thereupon granted. The landlord did not receive notice of the sale, but he did know when the petition for confirmation would be presented, and, although he was in attendance, he made no objection to the sale or to the order. Several months afterwards he presented a petition to the referee, averring that the stock and fixtures were subject to distraint for rent, and that he was therefore entitled under the Pennsylvania statute (P. L. 1891, p. 122) to have a year's rent paid in full out of the proceeds of the sale, arguing that, as the sum bid for the license separately was only $1,000, $2,500 should be taken as the value of the stock and fixtures, and this sum should be applied to the claim for rent. The referee disallowed the claim on the ground that it was impossible to say how much of the fund produced by the sale was the product of the license and how much was the product of the stock and fixtures. I agree with this conclusion, which accords with two previous decisions in this district. In re Gerry, 7 Am. Bankr. R. 462 [112 Fed. 957], and In re Klapholz, 7 Am. Bankr. R. 703 [113 Fed. 1002]. It is certain that no apportionment of the $3,500 can be made with any degree of accuracy; for, while it is true that only $1,000 was bid for the license separately, and therefore it may be contended with some degree of plausibility that the remaining $2,500 was bid for the stock and fixtures, it may also be contended, and with equal plausibility, that, as only $144.61 was bid for the stock and fixtures separately, the license must have produced the balance of the $3,500. Clearly, the two lots as an entirety were more valuable than when offered separately, but the excess of value cannot now be assigned to its proper source or sources. Probably each lot contributed something to the higher price, but it would be a mere guess to attempt to say how much. If the landlord had desired to object to the sale upon the ground that he had not received notice, his time for so doing was at latest when the petition for confirmation was presented, for of this, at least, he had knowledge, and he was actually present when the order was made. His acquiescence in the report and confirmation was a clear ratification of the sale in bulk, and a waiver of the failure to give him notice. The action of the referee in rejecting the claim is approved."

This case is plainly distinguishable from that of Carroll & Bro. Co. v. Young, 119 Fed. 577, 56 C. C. A. 380, which was decided by this court about a year ago. In that case the lien creditors had been prompt and persistent in asserting their rights. They had made timely objection to the property being sold divested of their liens, and had pointed out the very difficulty which was subsequently brought forward as a bar to their rights. In that case, as in this, it was too late to question the propriety of the order of sale which had been made; but it was not impossible, as it is in the present case, to determine the proportional value of the particular part bound by the liens to the gross purchase price, and hence the order which was there made, by which the distribution was opened to permit the lien creditors to prosecute their claims as such, was both just and practicable. We adhere to our decision in Carroll & Bro. Co. v. Young, but to the very different circumstances and situation disclosed by the record now before us it has no application.

The order of the District Court approving the action of the referee in rejecting the claim of this appellant is affirmed.