In re McFADGEN.

(District Court, E. D. Pennsylvania. October 16, 1907.)

No. 2,505.

BANKRUPTCY—PRIORITY—CLAIM OF LANDLORD FOR RENT.

Where the liquor license, fixtures, and lease of a bankrupt were sold in bulk by a receiver in bankruptcy, the landlords making no objection, and no claim to a lien on the stock or fixtures for past-due rent, to which they were entitled under the Pennsylvania statute, there could be no apportionment of the proceeds, so as to entitle them to priority out of any part of the fund.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 532.]

In Bankruptcy. On certificate of referee concerning landlord's claim to priority.

W. Horace Hepburn, Jr., for trustee.
Albert W. Sanson, for landlords.

J. B. McPHERSON, District Judge. The decision of the learned referee (Joseph Mellors, Esq.) rests upon the following facts, condensed from his opinion:

The landlords of the bankrupt filed a claim for a balance of rent that accrued before the filing of the involuntary petition. Claim is made to priority out of a fund arising from the sale in bulk of the liquor license, stock, fixtures, and lease of the bankrupt estate. The landlords made no objection to the sale in bulk, but gave notice to the purchaser at the time of the sale that they would hold him responsible for the rent in arrears.

Thereupon the referee made the following findings of law:

"The lease contained a clause providing for the forfeiture of the same in the event of the nonpayment of rent; but no attempt was ever made by the landlords to take advantage of this clause, but, on the contrary, they accepted the tenancy of the vendee of the license, stock, fixtures, and lease. In order that a landlord may claim priority out of a fund, the priority of payment should be claimed under section 64b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), which is as follows: 'Debts owing to any person who, by the laws of any state or of the United States, is entitled to priority. * * *' The act of June 16, 1836, of the state of Pennsylvania (P. L. 755), provides as follows:

"'The goods and chattels being in and upon any messuage, lands or tenements which are or shall be demised for life or years or otherwise, taken by virtue of an execution and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of the taking of such goods in execution.'

"It is clear from the words of this act that priority must be claimed out of goods and chattels levied on. It is well settled that a license cannot be seized and taken in execution; for it is a personal right merely, and transferable only by the court. See the case of Ulrich's License, 6 Pa. Dist. R. 408. A landlord cannot claim priority out of the sale of a license in a bankrupt court.

"The clause in the lease providing for the forfeiture in case of nonpayment of rent does not help the landlords in their claim for priority, because they failed to take advantage of it before the sale, which they were bound to do. This question was decided in the Case of Lewis Ruppel, 3 Am. Bankr. Rep. 233, 97 Fed. 778.

"If the landlords cannot claim priority out of the proceeds of the sale of the license, it becomes necessary for them to designate a particular fund out of which they claim priority. This they cannot do, for the reason that they permitted the trustee to sell the lease, license, stock, and fixtures together, and thereby lost their claim to priority of payment out of the fund realized, because it could not be possible for them to claim priority out of any particular fund, when everything was sold in bulk. This point was decided in Keyser v. Wessel, 12 Am. Bankr. Rep. 126, 128 Fed. 281, 62 C. C. A. 650.

"No objection was made to the sale, nor is there any evidence how much the stock and fixtures brought separate from the license, or how much the lease brought separate from the whole."

In order to make the situation entirely clear, it is perhaps desirable to state a few additional facts, which appear upon the record of the case. The creditors' petition was filed on April 10, 1906, and on May 3d a receiver was appointed, with authority to sell the bankrupt's liquor license, his lease of the premises occupied as a saloon, the fixtures, and all other assets of the estate, upon eight days' notice to creditors. Appraisers were appointed on May 4th, who itemized the value of the fixtures and the personal property, and appraised the license and the lease together as a unit. To this appraisement, no objections were made. On May 12th the license, lease, and fixtures were sold as a whole, and (as the business was still being carried on) it was also agreed between the receiver and the purchaser that the liquors and other merchandise that might still be unsold at the time when the license should be transferred to the purchaser by the court of quarter sessions of Philadelphia county should then be appraised and paid for. This sale was set aside, and a resale was ordered. The second order was similar in its terms to the order of May 3d, and under it the lease, license, and fixtures were sold as a whole on May 29th for $7,000; the liquors and merchandise being subject to valuation when the license should be transferred. This resale was confirmed, and the fund thus produced by the property is now being distributed by the referee. (No valuation of the liquors, etc., was had, as the stock had practically been consumed when the license was transferred.) The landlords had due notice of all the proceedings, but they did not object to the appraisement, to the orders to sell, to the method of sale, or to the return and confirmation, and they accepted the purchaser as a tenant, permitting him to take possession of the premises and occupy them as the bankrupt's successor under the lease.

Under the facts thus stated by the referee and by the court, it seems to me that discussion is unnecessary, in view of the decision by the Court of Appeals of this circuit in Keyser v. Wessel, 128 Fed. 281, 62 C. C. A. 650, 12 Am. Bankr. Rep. 126, from which I am unable to distinguish the present controversy. Upon the authority of that case, therefore, the ruling of the learned referee, declining to sustain the claim of the landlords to priority, must be affirmed.