## VOLLMER et al. v. McFADGEN.

(Circuit Court of Appeals, Third Circuit. May 14, 1908.)

### No. 36.

BANKRUPTCY—PRIORITY—CLAIM FOR RENT.
  Where property of a bankrupt, a part of which was subject to a landlord's lien and a part not, was sold together in gross without objection, the proceeds cannot be apportioned, so as to entitle the landlord to priority of payment from any part thereof.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 156 Fed. 715.

Adrien W. Vollmer, for appellants.

W. Horace Hepburn, William A. Carr, Sidney L. Krauss, and W. Horace Hepburn, Jr., for appellee.

Before MOODY, Circuit Justice, and DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the landlord claimed priority for rent accrued before the filing of the bankrupt's involuntary petition. That court sustained the refusal of the referee to so award, whereupon the landlord appealed to this court.

The fund for distribution arose from the gross sum of $7,000, the purchase price of the fixtures of the bankrupt's bar, a term of years for his premises, and the license to sell liquors thereat. The referee found as a fact, and the court adopted such finding, that the landlord gave notice at the sale to the purchaser that he would hold him responsible for the rent in arrear. The sale in gross of these different items was made and confirmed on notice to the landlord and without objection. He now contends that a license to sell liquors is a personal privilege and cannot be legally sold, and therefore the fund must be treated as the proceeds of the fixtures and of the term of years, upon both of which he claims a lien. Upon these questions we express no opinion. The gross price for which these items were sold constitutes such a commingling of the three items as brings the case within the ruling in Keyser v. Wessel, 12 Am. Bankr. Rep. 126, 128 Fed. 281, 62 C. C. A. 650, where on a commingling of like items this court held it was impossible "to determine the proportional value of the particular part bound by the liens to the gross purchase price."

The order of the court below is affirmed.