### FREDERICK v. MEYRAN.

### In re HARRY DAVIS RESTAURANT CO.

(Circuit Court of Appeals, Third Circuit. February 9, 1922.)

No. 2761.

1. **Bankruptcy ⊂⇒267—Landlord may prove value of part of bankrupt's property subject to his lien.**

A landlord, who had a lien on a part of bankrupt's property, which he waived by agreement with the trustee to allow the property to be sold as a whole, *held* entitled to prove that the value of the property subject to his lien exceeded his claim, in support of his claim to priority of payment from the proceeds of the sale, and the inventory and appraisement of the trustee and the bid of a third party for such property, when offered separately, *held* competent evidence.

2. **Bankruptcy ⊂⇒267—Claimant not estopped by failure to except to orders.**

Failure of a lien claimant to except to the action of a referee in striking out a provision of a consent order submitted, stating the value of the property subject to the lien as not germane to the purpose of the order, *held* not to preclude him from proving such value.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

In the matter of the Harry Davis Restaurant Company, bankrupt. Elliot Frederick, trustee, appeals from an order allowing the claim of Louis A. Meyran. Affirmed.

James I. Marsh, Lewis M. Alpern, and Gordon & Smith, all of Pittsburgh, Pa., for appellant.

William Macrum, of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

DAVIS, Circuit Judge. The Harry Davis Restaurant Company, hereafter called the company, was adjudged a bankrupt on an involuntary petition filed June 9, 1920. At that time the company was in arrears in rent in the sum of $14,227.66. Prior to bankruptcy Albert Pick & Co. had leased to the Restaurant Company certain goods on

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which the landlord waived his right to distrain. There was other property on the premises in the possession of the company subject to the landlord's lien. Pick & Co. instituted reclamation proceedings, but the court held that the so-called lease was a conditional sale, and the goods covered by it belonged to the estate in bankruptcy.

Repeated efforts were made to sell the property subject to the landlord's lien, and that not so subject separately, but the advertised sales were adjourned from time to time until August 31, 1920, when A. P. Jasperson, representing Pick & Co., offered $45,000 and the cancellation of the claim of that company, not yet settled, for the entire assets of the bankrupt. This was the highest and only bid, and the sale was made and confirmed. Every person having an interest in the property was anxious that the sale be immediately confirmed. The landlord was co-operating with the trustee in bankruptcy and in order that his lien might not prevent the sale, he released all claims he had against the property and sought to protect himself by stipulating with the trustee that the chattels subject to his lien were of sufficient value to pay his rent claim in full, and that out of the $45,000 a sum sufficient to pay the rent claim, after the payment of all expenses of administration, was received from the sale of the goods and chattels subject to the lien. This was agreed to, but it was thought better to put the agreement into the order of confirmation, and thus secure the referee's approval, than into a separate stipulation. Accordingly the order of confirmation presented to the referee by the trustee in bankruptcy contained the following provision:

"And it is further ordered and decreed that the sum of $14,000 shall represent the value of the property on the premises not embraced in the reclamation proceedings of Albert Pick & Co."

The referee struck this out, not on the ground that it was not a fact, but on the ground that—

"he had no evidence before him to sustain any such allegation and furthermore because it did not appear to the referee a clause pertinent to the confirmation of the sale."

Subsequently, on petition of the landlord, the referee allowed his claim, and this allowance was affirmed by the District Court, from whose decree this appeal is before us.

All of the assignments of error upon which appellant relies may be reduced to two propositions:

1. The theory of apportionment is not applicable to this case; but

2. If applicable, the testimony by which it is sought to be established is: (1) Incompetent, irrelevant, and immaterial, and in any event is (2) not sufficiently certain and definite as to enable any reliable conclusion to be based thereon.

[1] This court has held that, where goods on which there is a lien are so commingled and confused with goods on which there is not a lien as to make it impossible to identify and separate the one class from the other or to determine the proportional value of the particular part bound by the lien to the gross purchase price, the lien may not be enforced. Keyser v. Wessel, 128 Fed. 281, 62 C. C. A. 650; Vollmer et

al. v. McFadgen, 161 Fed. 914, 88 C. C. A. 605. This seems to be the general rule. 12 Corpus Juris, 495. This court has also held that in case of a sale, if there is evidence tending to show the proportionate value of the particular part bound by the lien to the gross purchase price, the lien claimants may prosecute their claims as preferred creditors against the fund. George Carroll & Bro. Co. v. Young, 119 Fed. 576, 56 C. C. A. 380.

There was testimony on which the referee based his conclusion as to the value of the property on which the landlord had distrained for rent; at least he concluded that its value exceeded the amount due the landlord for rent. The trustee testified that, according to the inventory and appraisement, the property covered by the landlord's lien was worth $33,900. Mr. A. P. Jasperson testified that he made an inventory of the property covered by the lien at the receiver's sale, which was not confirmed, and estimated it to be worth $37,000. Representing Pick & Co., he bid $28,050 for it. This bid did not include the property claimed by Pick & Co., for at that time he thought that the bailment lease covering the property was valid, and the title to it was still in the company. Mr. Julius Kahn, manager for Pick & Co., testified that without using the property in the restaurant as a going concern, "we could have realized more than our bid ($28,050) on the property right there." The order of confirmation presented by agreement and without objection from anyone stipulated a value of $14,000. This indicated that in the judgment of the parties interested it was worth at least that much.

This evidence in our opinion was sufficient to justify the allowance of the claim by the late referee, who concluded "that there was on the premises of the bankrupt lienable property far in excess of the amount of the landlord's claim." He had the witnesses before him, and heard and saw them testify. This testimony was admissible on the authority of George Carroll & Bro. Company v. Young, supra; Marine National Bank et al. v. McCreery & Co. et al., 218 Fed. 50, 134 C. C. A. 26; First Savings & Banking Co. v. Kilmer et al. (C. C. A.) 263 Fed. 497, and on the authority of these cases the decree should not be disturbed.

[2] The trustee now contends that, because the landlord did not take a formal exception when the referee struck out the provision as to the value of the property subject to his lien, he has lost his right to prosecute his claim to priority. It should be borne in mind, however, that he and the trustee had been working together earnestly and persistently for the sale of the entire property to the best advantage. This seemed impossible, unless it was sold in bulk. It appeared to be the common understanding that the property subject to the landlord's lien was amply sufficient to pay the rent claim, and no one was objecting to the payment. To realize the highest price and secure most for the creditors was apparently uppermost in the mind of everybody. When the stipulation was drafted, reserving a sufficient part of the proceeds of the sale to pay the landlord's prior claim, nobody objected; but it was thought that the better procedure was to incorporate the provision in the order of confirmation. The referee, in striking it out, did not pretend to pass upon the merits of the claim. He did not

intend, as his subsequent action shows, to preclude a determination of the priority of the claim. He merely meant that in his opinion the proper practice to have the merits passed upon was not being pursued, and in no event could he pass upon the question without evidence. It was not a matter "pertinent to the confirmation of the sale." This left the appellee free to proceed in another and proper way to bring the claim before referee for adjudication, and when it was so brought before him he passed upon the merits and overruled the contention that the landlord had lost the opportunity to have the claim adjudicated, because he failed to note an exception to the striking of the provision from the proposed order of confirmation. In this the referee was sustained by the District Court.

We find no reason to interfere with this decree, and it is affirmed.