## In re WHITEMAN CO.

District Court, W. D. Pennsylvania. March 9, 1928.

No. 13140.

1. Bankruptcy ⊜⇒267(5)—Mortgagee, without excepting to return of sale of bankrupt's property, was entitled to have proportion attributable to mortgaged property determined.

On sale of certain leases and other property of bankrupt, creditor holding mortgage on the leases was entitled to assert his lien against the fund realized from the sale thereof free of liens, without necessity of excepting to the return of the sale, and referee was required to determine what portion of proceeds of sale of bankrupt's property en masse represented property covered by lien of the mortgage.

2. Bankruptcy ⊜⇒188(9)—Bill of sale in mortgage of leaseholds conveys no right as against bankrupt mortgagor's trustee.

Bill of sale to personal property, where contained in mortgage of leaseholds, in addition to the mortgage, conveys no right in the personal property to the mortgagee as against the mortgagor's trustee in bankruptcy.

3. Bankruptcy ⊜⇒267(5)—Mortgagee held entitled to credit from proceeds of bankrupt mortgagor's property for property covered in mortgage of leaseholds, notwithstanding ineffectual bill of sale in mortgage.

Mortgagee, under mortgage covering leaseholds together "with all the buildings, fixtures, and other property thereon situate," had lien on the buildings, fixtures, and other property, as against trustee in bankruptcy of mortgagor, notwithstanding ineffectual bill of sale in mortgage to mortgagor's chattels, and mortgagee was therefore entitled to receive credit for such buildings, fixtures, and other property in determining amount to which he was entitled from proceeds of sale in lump sum of mortgagor's property free from liens.

In Bankruptcy. In the matter of the Whiteman Company, bankrupt. On petition of M. B. Finnessy, mortgagee of certain leasehold estates of bankrupt sold at trustee's sale, to review the action of the referee, fixing the amount of the sale price attributable to the mortgaged property. Referee's order modified, with directions.

Gilfillan & Patterson, of New Castle, Pa., for wage claimants.

Brandon & Brandon, of Butler, Pa., for mortgage creditor.

Orville Brown, of New Castle, Pa., for bankrupt.

M. J. Kraus, of Ellwood City, Pa., for trustee.

SCHOONMAKER, District Judge. This case comes before the court on petition of M. B. Finnessy, who holds mortgage lien against certain leasehold estates of the bankrupt which were sold at trustee's sale along with other properties of the bankrupt for a lump sum, to review the action of the referee in bankruptcy in fixing the amount of the sale price attributable to the mortgaged property sold by the trustee. The referee fixed that amount at $325, being the amount of a separate bid tendered at the trustee's sale for the leasehold estates in a separate parcel. The facts are briefly as follows:

The bankrupt's property consisted of a number of coal leases on which there was an open mine, together with the personal property used in and about the operation of the mine. There were seven of these leases, and the mortgagee Finnessy held a mortgage lien on four. This mortgage was given under the provisions of the Pennsylvania Act of Assembly of April 27, 1855, § 8 (P. L. 369; Pa. St. 1920, § 8912), which authorized the lessee for a term of years of any colliery, mine land, etc., to mortgage the lease, with all of the buildings, fixtures, and machinery thereon, to the lessee belonging or thereunto appertaining. F. B. Whiteman, the predecessor in title to the bankrupt, mortgaged these leaseholds, together "with all the buildings, fixtures, and other property thereon situate and being, belonging to the said F. B. Whiteman, to have and to hold the said hereinbefore described lease, buildings, and fixtures and property above mentioned, as the same are held by the said F. B. Whiteman under the aforementioned indenture and leases, with the remainder of the term of years for which he is entitled to hold the same, with all the rights, privileges, and appurtenances thereto belonging or in any wise appertaining." Then, in addition to that, the mortgagor assigned and conveyed to the said M. B. Finnessy, in the same instrument, certain specific goods, chattels and property, particularly mentioning certain iron rails, mine cars, mules, blacksmith shop, etc.

The trustee petitioned for the sale of the bankrupt's property, divested of all liens and incumbrances. This petition, of course, covered, among other properties, the leasehold estates which were mortgaged to Finnessy. The referee ordered the sale of this property free and discharged of liens, and provided in the sale order: "Liens discharged by the within sale to be transferred to the funds realized from the same, and to be paid in the order and in the amount for which they may hereafter show themselves entitled." The

property was sold in bulk to the mortgagee, M. B. Finnessy, for the sum of $4,150, and the sale was confirmed by the court. Thereupon Finnessy filed a petition, showing that the balance due upon his leasehold mortgage was $2,394, with interest from December 23, 1926, and asked that he be credited for the amount of this mortgage, with interest upon his bid for the property, which had been confirmed by the court, and that he be required to pay in to the trustee only the balance of his bid, after deducting the credit for the amount of his mortgage and interest.

On this petition the referee took testimony, for the purpose of ascertaining the portion of the purchase money attributable to the mortgaged leaseholds, and held that the testimony offered by the mortgagee as to the value of the mortgaged property was so uncertain, doubtful, irrelevant, and incompetent that he could not fix the relative value of the mortgaged property from that, and then concluded that the separate bid tendered by the leaseholds at the trustee's sale of $325 afforded the only proper evidence of the portion of sale price attributable to the mortgaged property. Thereupon he allowed Finnessy a credit for $325 upon his bid, and directed the payment of the balance of the bid to the trustee. The petition is to review his order.

It appears that at the trustee's sale bids were first asked for the personal property in separate parcels, and the total bids received amounted to $1,229. Bids were then invited on the personal property as a whole, and a bid was made in the sum of $1,990. Bids were then tendered for the separate leaseholds, and the leasehold parcels subject to the mortgage lien, and the bids for these leaseholds, subject to mortgage lien, were offered in the sum of $325. Bids for leaseholds not subject to the mortgage were then asked and tendered in the sum of $225. Then a bid in a lump sum was asked upon the leaseholds and the personal property, and tendered in the sum of $4,150. All of these separate bids and final bid were tendered by M. B. Finnessy, the mortgagee petitioner in the instant case.

The referee has further held that, so far as concerns the specific personal property mentioned in the mortgage and covered by what would be termed a bill of sale, it is not subject to a mortgage lien, and that said mortgage lien covering that personal property was invalid as against the trustee in bankruptcy. This ruling of the referee is also before the court for review.

[1] Under the rulings of the Circuit Court of Appeals of this circuit in the case of George

Carroll & Bro. v. Young, 119 F. 576, we hold that the mortgage creditor Finnessy was entitled to assert his lien against the fund realized from the sale of this property without any necessity of excepting to the return of sale, and that it was the duty of the referee to recognize and enforce such right, taking evidence, if necessary, to determine as nearly as possible what portion of the sale represented the property covered by the lien of the mortgage. The referee has undertaken to do that, and has held that there is not sufficient evidence from which he can make the determination in question, except to abide by the bid that was tendered at the public sale for the leasehold estates.

[2, 3] We have examined the testimony offered before the referee, and agree with him in this conclusion, so far as the leasehold estates are concerned. We cannot agree with him in his conclusion that the mortgage carried with it none of the personal property appurtenant to the operation of the leasehold estate. It will be noted from the portion of the mortgage quoted above that the mortgagor intended to mortgage, not only the leasehold estate, but the buildings, fixtures, and other property thereon appurtenant thereto. The referee has made no attempt to attribute to the sale price the value of the buildings, fixtures, and other property on the leasehold estates that were appurtenant thereto, and, while we agree with him that the specific bill of sale contained in the mortgage, in addition to the mortgage, conveys no right in the personal property there scheduled as against the trustee in bankruptcy, the fact of the specific description of said personal property in the mortgage in no sense takes out of the mortgage lien such of the property described as would come within the terms of the mortgage under the heading of buildings, fixtures, and other property thereon appurtenant to the leasehold estates.