## In re BOWEN.

### No. 2101.

District Court, E. D. Pennsylvania.

July 26, 1940.

David Getz, of Allentown, Pa., and Herman H. Krekstein, of Philadelphia, Pa., for petitioner.

Fred B. Gernerd, of Allentown, Pa., for Trustee in Bankruptcy.

Harold A. Butz, of Butz, Steckel & Rupp, of Allentown, Pa., for Lehigh Valley Trust Co., a creditor.

BARD, District Judge.

This case arises on the petition of Henry Baker, a judgment creditor of the

bankrupt, to review an order of the Referee directing the Trustee to sell, inter alia, two separate pieces of realty, designated respectively Purparts 1 and 2, as one unit, and providing that they be sold free and clear of all mortgages and liens excepting two mortgages on Purpart 1, specifically identified in the order.

It appears that the Lehigh Valley Trust Company holds eight mortgages on Purpart 1, known as 809–811–813 Hamilton Street, Allentown, Pennsylvania, aggregating $294,600. In addition, it holds a mortgage on Purpart 2, known as 32–34 North Ninth Street, Allentown, Pennsylvania amounting to $50,000, on which there is due $5,000 in interest. Further, the Lehigh Valley Trust Company possesses an assignment of the income of a very valuable lease on the Hamilton Street property to secure it against any loss on loans made to the bankrupt. The lease of the Hamilton Street property, occupied by the S. S. Kresge Company, expires March 31, 1956, and contains a provision for extension beyond that term. The present rental is $25,000 a year and commencing April 1, 1941, the rental will be $30,000 a year.

Both the Referee and petitioner are agreed that if the Ninth Street property is sold separately, a deficiency of $20,000 to $30,000 is likely to occur. Such a result would deprive the purchaser of the Hamilton Street property of rentals until the deficiency is removed. Thus, a right enhancing the value of the Hamilton Street property would be impaired temporarily. Because of interviews with prospective buyers who offered very substantial sums for the Hamilton Street property provided the lease was unencumbered, the Referee decided to order a sale of both properties as a unit with the expectation that, by so doing, an amount would be received in excess of that necessary to free the lease of any obligations for deficiencies for which it is collateral.

Since the mortgages on the Hamilton Street property bear six per cent interest, a very high rate under present conditions, the Referee felt that a sale discharging these mortgage liens would induce higher bids. However, to preserve the lease, he ordered that the sale be subject to two mortgages antedating it.

Petitioner seeks (1) separate sales of the aforementioned properties, and (2) a sale of the Hamilton Street property subject to all existing mortgages.

With regards to the sale of the properties as a unit, I am of the opinion that the Referee's order should be vacated. "In cases not governed by a mandatory statute, a court has the power to direct how a judicial sale shall be made and may order the property sold either in parcels or as a whole." In re Haywood Wagon Co., 2 Cir., 219 F. 655, 659. The method selected, of course, should be that more likely to benefit the estate. Undoubtedly, the Referee had this purpose in mind in issuing the order involved herein. Unfortunately, however, his conclusion appears to have been predicated upon the false premise that the mortgage debts on both properties properly could be satisfied from the proceeds of the "joint" sale despite the fact that if the Ninth Street property were sold separately, a large deficiency on the mortgage indebtedness thereon would result. Stated differently, his reasoning appears to have been that the proceeds of the sale of the Hamilton Street property might be charged with payments for deficiencies resulting from the sale of the Ninth Street premises. But we are dealing here with two separate and distinct pieces of real estate and two separate and distinct mortgage liens. If the properties were sold separately, the mortgage on the Ninth Street property could not be satisfied out of the proceeds of the sale of the Hamilton Street property. Such payment would violate the rights of other creditors. It seems clear, therefore, that the same result may not be obtained by the device of selling both as a unit. Thus, the reason underlying the Referee's order disappears.

It may be observed, further, that even had a sale of the two properties been permitted as a unit some method of apportionment of the proceeds toward payment of various liens would have to be determined. In re B. A. Lockwood Grain Co., D.C., 225 F. 873; In re Wesley Corporation, D.C., 18 F.Supp. 347. Otherwise, should such an allocation be deemed impossible, lien holders would incur the risk of losing their priorities because of this inability to fix the portions of the proceeds attributable to the respective properties. In re B. A. Lockwood Grain Co., supra; Vollmer et al. v. McFadgen, 3 Cir., 161 F. 914; In re Gerry, D.C., 112 F. 957. Because of this, counsel for the Lehigh Valley Trust Company filed a brief voic-

ing his apprehension as to how his client's interests would be affected by the method of sale directed and urging that the properties be sold in separate parcels. Assuming, however, that a fair method of apportionment could be determined, a substantial deficiency on the Ninth Street premises in all likelihood would remain to encumber the lease, and as previously noted, this indebtedness would not be entitled to priority from the proceeds of the Hamilton Street property. In re Wesley Corporation, supra. Consequently there are no compelling circumstances justifying the sale as a unit as directed by the Referee.

■ It would seem to be sound administration to sell the Ninth Street property first. The deficiency on the mortgage against that property would be established at once. Bidders on the Hamilton Street property would then know approximately what amount the Lehigh Valley Trust Company would expect to recoup out of the assigned rentals from the Hamilton Street property. While I think this suggestion should be followed, I shall not at this time include it in the order for fear it might tie the Trustee's and Referee's hands in the event that an immediate and acceptable bid may be received for the Hamilton Street property.

■ Respecting the direction to sell the Hamilton Street property free and discharged of all mortgage liens except the two designated in the order, it is my conclusion that the Referee's order in this regard ought not to be disturbed. The high rate of interest on the existing mortgages might well prove a deterring factor at a sale, especially since money may be obtained at a much lower rate today. On the other hand, the existing lease undoubtedly will attract buyers, and this would appear to be so despite the fact that a purchaser might be deprived of a year's rentals. To preserve the lease, the Referee properly ordered the sale subject to two mortgages antedating the lease.

Accordingly the order of the Referee is modified in that it is hereby directed that Purparts 1 and 2 be sold separately. In all other respects, the order of the Referee is confirmed.

It is so ordered.