## HILL *v.* CHICAGO AND EVANSTON RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 866. Submitted December 20, 1888.— Decided January 21, 1889.

This court has no jurisdiction of an appeal unless the transcript of the record is filed here at the next term after the taking of the appeal.

It is not proper, on a motion to dismiss an appeal from a decree, to decide whether a prior decree was a final decree, or what orders and decrees made by the court below in the cause prior to the making of the decree appealed from can be reviewed here on the appeal.

Where the decree appealed from awarded a money decree against one defendant, and the plaintiff appealed, and the obligees named in the appeal

bond included that defendant and other defendants, and that defendant and some of the others moved to dismiss the appeal, on the ground that that defendant should be the sole obligee, and that the only matter for review was as to the amount awarded against that defendant: *Held*, that the bond was in proper form, and that the motion must be denied.

MOTIONS TO DISMISS.   The case is stated in the opinion.

*Mr. E. Walker* and *Mr. W. C. Goudy* for the motions.

*Mr. Gordon E. Cole* opposing.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

In this case, on the 8th of June, 1885, a decree was made by the court below in the following language:

" This cause coming on for final hearing upon the pleadings, depositions, and documentary evidence produced before the court, and the cause having been argued by counsel, and the court being sufficiently advised in the premises, It is ordered and decreed, that the complainant's bill be dismissed for want of equity as against the defendants William C. Goudy, Volney C. Turner, George Chandler, Samuel B. Chase, Ebenezer Buckingham, John DeKoven, John J. Johnson, S. S. Merrill, The North Chicago City Railway Company, and the Chicago, Milwaukee and St. Paul Railway Company, with their costs to be taxed by the clerk.   It is further ordered and decreed, that so much of the complainant's bill as relates to the certificate of one hundred and ten and two-thirds shares of the capital stock, issued to A. B. Stickney & Company, dated September thirtieth, 1881, be dismissed for want of equity.

" It is further ordered and decreed, that all relief be denied to the complainant upon all matters and things in controversy herein, except as to the amount of money paid by the defendant William C. Goudy for right of way, in execution of the contract between him and A. B. Stickney & Company, of May twenty-eighth, 1880 ; and, for the purpose of ascertaining said amount of money, it is ordered, that this cause be retained as to the other defendants, and that it be and is hereby referred to Henry W. Bishop, one of the masters in chancery of this

court, to take additional testimony as to such amount, and that he make report of the amount so paid, and that, on tho making of such report, such further decree will be rendered as may be equitable.

"It is further ordered, that, for the better discovery of the matters aforesaid, the parties are to produce before the said master, upon oath, all deeds or books, papers and writings in their custody or power relating thereto, and are to be examined on oath as the said master shall direct.

"And thereupon the complainant prays an appeal to the Supreme Court, which is allowed upon his filing a bond in the penal sum of five hundred dollars, with provisions required by law, and with security to be approved by the Court."

The bond thus referred to was not given, nor was the appeal perfected, nor was the record filed in this court at its October term, 1885.

On the 14th of July, 1887, the master in chancery having made a report in pursuance of the directions of the decree of June 8, 1885, and exceptions having been taken thereto by both parties, the court made the following decree:

"It is ordered, adjudged, and decreed as follows, viz.: That the exceptions of both the complainant and the defendant the Chicago and Evanston Railroad Company, to the report of the master in chancery filed herein on the thirty-first day of January, 1887, be and the same are hereby overruled, and the said report approved and affirmed; that said Chicago and Evanston Railroad Company do forthwith pay unto said complainant the sum of sixty-five hundred and thirteen dollars, ($6513,) together with interest upon the same from the thirtieth day of January, 1887, at the rate of six per cent per annum, and also costs of said reference to the master, to be taxed by the clerk of this court, and also the costs of this suit, for which plaintiff may have execution.

"It is further ordered and decreed, that all other relief prayed in the complainant's bill be denied as against said defendant the Chicago and Evanston Railroad Company, and that the complainant's bill be dismissed out of court for want of equity as against the remaining defendants, T. W. Wads-

worth, Edwin Walker, Elijah K. Hubbard, J. C. Easton, Julius Wadsworth, Hugh T. Dickey, J. Milbank, James Stillman, James T. Woodward, E. L. Frank, William Rockefeller, Selah Chamberlain, and George Smith, with their reasonable costs, to be taxed by the clerk, and that they have execution therefor against the said complaint.

"And thereupon the complainant prays an appeal to the Supreme Court of the United States, which is allowed upon his filing a bond in the penal sum of five hundred dollars, with provisions required by law, and with security to be approved by the court."

This appeal was perfected, an appeal bond was given, and the record was filed in this court on the 17th of October, 1887. The obligors in that appeal bond are James J. Hill, W. P. Clough, and E. Sawyer; the obligees are the Chicago and Evanston Railroad Company, the Chicago, Milwaukee and St. Paul Railway Company, the North Chicago City Railway Company, William C. Goudy, Volney C. Turner, John DeKoven, George Chandler, T. W. Wadsworth, Edwin Walker, Elijah K. Hubbard, Samuel B. Chase, Ebenezer Buckingham, John J. Johnson, J. C. Easton, S. S. Merrill, Julius Wadsworth, Hugh T. Dickey, J. Millbank, James Stillman, James T. Woodward, E. L. Frank, William Rockefeller, Selah Chamberlain, and George Smith. The condition of the bond is as follows:

"Whereas, lately, at the July, 1887, term of the United States Circuit Court for the Northern District of Illinois, in a suit depending in said court, wherein said James J. Hill was complainant and the Chicago and Evanston Railroad Company and the other above-named obligees of this bond were defendants, a decree was rendered from which the said James J. Hill has taken an appeal to the Supreme Court of the United States; now, the condition of the above obligation is such, that if the said James J. Hill shall prosecute his appeal with effect, and answer all costs if he fails to make his plea good, then the above obligation to be void, otherwise to remain in full force and virtue."

Four motions are now made. One is a motion by the Chi-

cago and Evanston Railroad Company, T. W. Wadsworth, Edwin Walker, Elijah K. Hubbard, and J. C. Easton, to dismiss, as to each of them, the appeal from the decree of June 8, 1885, on the ground, among others, that the transcript of the record was not filed in this court at October term, 1885.

This motion must prevail. It is well settled, by repeated decisions of this court, that it has no jurisdiction of an appeal unless the transcript of the record is filed here at the next term after the taking of the appeal. The appeal in the present case was prayed in open court on the 8th of June, 1885. *Credit Co.* v. *Arkansas Central Railway Company*, 128 U. S. 258, and cases there cited.

The second motion is by the North Chicago City Railway Company, the Chicago, Milwaukee and St. Paul Railway Company, William C. Goudy, Volney C. Turner, George Chandler, Samuel B. Chase, Ebenezer Buckingham, John DeKoven, John J. Johnson, and S. S. Merrill, to dismiss as to each of them, the appeal from the decree of June 8, 1885, on the ground, among others, that the transcript of the record was not filed here at October term, 1885. This motion is granted, for the reason before stated.

The third motion is by the North Chicago City Railway Company, the Chicago, Milwaukee and St. Paul Railway Company, William C. Goudy, Volney C. Turner, George Chandler, Samuel B. Chase, Ebenezer Buckingham, John DeKoven, John J. Johnson, and S. S. Merrill, to dismiss, as to each of them, the appeal from the decree of July 14, 1887, on the following grounds: (1) that the decree of June 8, 1885, was a final decree as to them; and (2) that the bond filed on the appeal from the decree of July 14, 1887, does not show that it was filed in pursuance of the decree of June 8, 1885, but recites only an appeal from the decree of July 14, 1887.

It is not proper, on a motion to dismiss the appeal from the decree of July 14, 1887, to decide whether the decree of June 8, 1885, was a final decree, or what orders and decrees made by the Circuit Court prior to the making of the decree of July 14, 1887, can be reviewed here on the appeal from the latter decree. Those questions can only be considered when that appeal shall come up for hearing on its merits.

The fourth motion is by the Chicago and Evanston Railroad Company, T. W. Wadsworth, Edwin Walker, Elijah K. Hubbard, and J. C. Easton, to dismiss the appeal as to the decree of July 14, 1887, on the ground that the Chicago and Evanston Railroad Company, being the sole party against whom the decree of July 14, 1887, was rendered, ought to be the sole obligee in the appeal bond, the other persons named in the bond as obligees not being parties to the appeal; that the only matter which can be brought before this court for review is as to the amount fixed by the decree of July 14, 1887, and which the Chicago and Evanston Railroad Company was adjudged to pay; that the decree of June 8, 1885, was final as to the other questions; and that the appeal from the decree of July 14, 1887, should be limited to that decree, and proper orders, as to bond and otherwise, to that end, should be made.

We see no objection to the terms of the appeal bond, in respect of the parties named in it as obligees. It may very well be that the appellant will seek, on the hearing of the appeal from the decree of July 14, 1887, to obtain a decree against the persons making this motion; and it cannot affect the validity of the bond or the integrity of the appeal, either as respects the Chicago and Evanston Railroad Company or the other parties making the motion, that the bond runs to the obligees named in it. The motion must, therefore, be denied in that respect, as it must, also, in regard to the other grounds alleged for the motion, for the reason before stated, that it is not proper, on a motion to dismiss the appeal from the decree of July 14, 1887, to decide what questions may properly be involved on the hearing of that appeal.

*Ordered accordingly.*