In re McDUFF

### WATSON v. McDUFF.

#### (Circuit Court of Appeals, Fifth Circuit.    April 24, 1900.)

#### No. 903.

1. BANKRUPTCY—APPLICATION FOR DISCHARGE—REFERENCE TO REFEREE.

An application for a discharge in bankruptcy, with such briefs and pleas as may be made in opposition thereto, must be heard and determined by the judge of the court of bankruptcy. The decision of the question whether or not a discharge shall be granted cannot be delegated to a referee. But the application for discharge may be referred to the referee to ascertain and report the facts.

2. SAME—APPEAL.

A bankrupt's application for discharge having been referred to a referee to report thereon, a creditor appeared before the referee, and objected to the power of the latter to determine and pass upon the application. The objection was overruled, and the referee reported a recommendation that the discharge should be granted. The creditor renewed his said objection in the court of bankruptcy, but the same was dismissed, but with leave to the creditor to ask for a recommitment of the case to the referee, in order to enable him to present objections to the discharge of the bankrupt. Thereafter, no further proceedings having been taken or objections filed by the creditor, the discharge was granted, and the creditor appealed. It did not appear that he had any legal ground for objecting to the discharge:

101 F.—16

*Held*, that no prejudice had resulted to the appellant from the course of proceedings below, and his appeal was without merit.

Appeal from the District Court of the United States for the Eastern District of Louisiana, in Bankruptcy.

Robert J. Maloney, for appellant.

Wm. K. Horn, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. On August 15, 1899, George W. McDuff was duly adjudicated a bankrupt. January 15, 1900, D. L. Watson proved an unsecured debt of $525. October 18, 1899, the bankrupt filed a petition in due form for a discharge, which on the same day* was, in accordance with a rule of the court, referred to a referee to report. The referee reported as follows:

"In the Matter of George W. McDuff. (No. 84, in Bankruptcy.)

"The petition of the bankrupt for discharge herein was called at my office this 10th day of November, 1899, at the hour of 3 p. m., at which time due proof was made of publication, and the sending of notices to all creditors, all as required by law. But one opposition was filed to the discharge, to wit, that of Dr. D. S. Watson, which objected to the right and power of the referee to 'determine and pass upon the application for the discharge of the bankrupt.' I was of opinion that this opposition was not well founded, and as I was not required to grant the discharge, but only to make a recommendation thereon, to be acted upon by the honorable, the district judge, in accordance with rule 20 of the rules adopted by this court I therefore dismissed the opposition, to which ruling exception was taken, and a note was made in lieu of a formal bill of exceptions. I am of opinion that the bankrupt herein should be granted his discharge, and recommended accordingly.

"[Signed]                            Hewes T. Gurley, Referee."

On the filing of this report the creditor, Watson, filed in the bankruptcy court an objection to the consideration of the application for a discharge, for the reason that the referee was without right and power to determine and pass upon the application. In due course, and on November 24, 1899, the application for the bankrupt's discharge came on for hearing before the judge, who, after argument, entered the following order:

"Upon due consideration thereof, it is now ordered that said opposition be, and the same is, dismissed. But leave is hereby granted to said opponent to apply to the court within three days from this date for an order recommitting this case to the referee, to enable opponent to urge such objections to the discharge of the said bankrupt as he may be advised to make."

December 1, 1899, no proceedings or oppositions having been filed in the meantime, the judge granted a discharge to the bankrupt. The creditor, Watson, sued out this appeal, and his contention is that the court a quo was without power to refer the application for a discharge to a referee to report the facts. It nowhere appears that the appellant, as a creditor, has any legal ground for opposing the discharge of the bankrupt; and, unless he has such ground, it is very difficult to see wherein a reference of the application for the bankrupt's discharge to a referee to report the facts was in any wise prejudicial. And, even if the creditor had legal grounds to oppose the discharge, as long as he was not denied the privilege of filing his

opposition in the bankruptcy court it is difficult to see wherein a reference of the application for a discharge to the referee resulted to his prejudice. We consider that under the bankruptcy act of 1898 the judge is required to hear and determine the application for a discharge, and such briefs and pleas as may be made in opposition thereto, and that the decision of the question as to whether or not a discharge shall be granted cannot be turned over to a referee. We find in section 30 of the bankruptcy law the following:

"All necessary rules, forms and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the supreme court of the United States."

And we find in rule 12, par. 3, of the general orders of the supreme court (18 Sup. Ct. vi.), the following:

"Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a state, shall be heard and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."

As by this rule of the supreme court the application for a discharge may be referred to a referee to ascertain and report the facts, and as in the instant case no prejudice whatever has resulted to the alleged opposing creditor from or through such reference, the appeal herein is without merit. The order appealed from is affirmed.