STROMBERG MOTOR DEVICES CO. v. ARNSON et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1917.)

No. 49.

PATENTS ⬦⇒324(1)—APPEAL—FINAL DECREE—WHAT CONSTITUTES.

A decree in an infringement suit on two patents, sustaining the first patent and awarding an injunction and accounting, and dismissing the bill as to the second, is not a final decree, and the complainant can maintain an appeal therefrom only under Judicial Code (Act March 3, 1911, c. 231) § 129, 36 Stat. 1134 (Comp. St. 1913, § 1121), as from an interlocutory decree refusing to grant an injunction, which appeal must be taken within 30 days.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600, 604, 605.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Stromberg Motor Devices Company against Ludwig Arnson and Alfred Michaelis, doing business as a copartnership under the name of the Longuemare Carbureter Company. From part of the decree, complainant appeals. On motion to dismiss appeal. Motion sustained.

Seward Davis, of New York City, for appellant.
Frederick Zorn, of New York City, for appellees.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. The complainant filed this bill upon two different patents, one to Ahara and one to Richard.

July 1, 1915, the District Court entered a decree sustaining the Ahara patent with the usual directions as to injunction and accounting, and dismissed the bill as to the Richard patent without costs to either party.

December 28 the complainant appealed from that part of the decree dismissing the bill as to the Richard patent.

Section 129 of the Judicial Code reads:

"Sec. 129. Where upon a hearing in equity in a district court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving or refusing to dissolve, an injunction, or appointing a receiver, to the circuit court of appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: Provided, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal: Provided, however, That the court below may, in its discretion, require as a condition of the appeal an additional bond."

If the decree is interlocutory then the appeal regarded as one from the refusal to grant an injunction on the Richard patent does not lie,

because it was not taken within thirty days after the entry of the decree.

But it is contended that an appeal may be taken from a severable controversy, finally determined by the court, notwithstanding that other controversies remain to be disposed of. This is true in an exceptional class of cases, where the merits are finally disposed of and nothing remains to be done but to enforce the decree by execution, notwithstanding that there remains an accounting, not asked for in the pleadings and merely incidental to the decree. Such are Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404; Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94. Chief Justice Waite, however, said in Winthrop Iron Co. v. Meeker, 109 U. S. 180, 3 Sup. Ct. 111, 27 L. Ed. 898, after considering these cases:

> "The case is altogether different from suits by patentees to establish their patents and recover for the infringement. There the money recovery is part of the subject-matter of the suit. Here it is only an incident to what is sued for."

Accordingly these exceptional cases need not be considered.

The appellant relies chiefly on Hill v. Railroad Co., 129 U. S. 170, 9 Sup. Ct. 269, 32 L. Ed. 651, and 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331. That controversy arose in a case where there was a plurality of defendants. June 8, 1885, the complainant's bill was dismissed, with costs, as to all the defendants except the railroad company and its directors, as to whom it was retained in respect to one item of charge only, which was referred to a master. July 14, 1887, a decree was entered in favor of the complainant on this claim. October 17, 1887, the complainant took an appeal from both decrees. The Supreme Court in 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331, on motion to dismiss the appeal, held that the appeal was too late as to the decree of 1885, because it disposed finally of the merits as to all the parties, reserving only this subordinate controversy as to single item against the railroad company and certain defendants, in which the other defendants were not interested, and as to which it was provided a further decree should be made. It is quite clear that, if all the parties had been interested in this reserved question, the decree of 1885 would not have been held final. For this reason it was held in Hohorst v. v. Packet Co., 148 U. S. 262, 13 Sup. Ct. 590, 37 L. Ed. 443, that where the bill was dismissed as to one of several defendants, charged to be jointly liable, there could be no appeal because the decree rendered against the complainant was not final.

For the same reason the decree in the present case dismissing the bill on the Richard patent is not final, all the parties being interested in the decree sustaining the Ahara patent which was interlocutory. It has always been the practice in this circuit to dismiss appeals in patent causes from decrees dismissing the bill as to some claims and sustaining it as to others. This was on the ground that such a decree is not final. Kilmer v. Griswold, 67 Fed. 1017, 15 C. C. A. 161; Thomson-Houston Co. v. Nassau Electric Co., 112 Fed. 676, 50 C. C. A. 421. The Supreme Court, in Ex parte Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707, sustained this practice. Al-

though, when that case was decided, an appeal could only be had from an order or decree granting or continuing an injunction, the reasoning applies to this case, because, although an appeal could have been taken from the decree denying an injunction on the Richard patent, it was not taken within 30 days from the entry thereof as required by the act. Mr. Justice Brewer, considering the question now before us, viz., that an appeal would lie without any statutory authority, because the decree was final as to the claims held to be invalid, said:

"In Hill v. Chicago & Evanston Railroad Co., supra [140 U. S. 54, 11 Sup. Ct. 690, 35 L. Ed. 331], there had been an order of dismissal in favor of some of defendants, together with a reference to a master of a separable controversy between the plaintiff and other parties, and the court observed: 'But there was no adjudication as to the payment of the amount to be ascertained by the master; that remained unsettled. It was, however, a severable matter from the other subjects of controversy and did not affect their determination. The fact that it was not disposed of did not change the finality of the decree as to the defendants against whom the bill was dismissed; that amount, or to whom made payable, did not concern them. They were no longer parties to the suit for any purpose. The appeal from the subsequent decree did not reinstate them. All the merits of the controversy pending between them and the complainant were disposed of, and could not be again reopened, except on appeal from that decree. As to the other parties, it remained to ascertain the amount of one item and to determine as to its payment.' But, as held in Hohorst v. Hamburg-American Packet Company, supra, that rule does not apply to cases where the liability of the defendants is alleged to be joint, and therefore cannot to a case in which there is but a single defendant."

No doubt there are cases in which, by treating a decree between the same parties as partly final and partly interlocutory, appeals taken would save time and expense, a consideration which seems to have moved the court in Scriven v. North, 134 Fed. 366, 67 C. C. A. 348. We think the general principle that causes may not be brought up on appeal piecemeal is more important. We regret that the foregoing views are not consistent with the decision of the Circuit Court of Appeals of the Fourth Circuit in Scriven v. North, supra, and with that of the Third Circuit in Historical Publishing Co. v. Jones Co., 231 Fed. 784, 145 C. C. A. 655.

The appeal is dismissed without prejudice.