### GROBLEWSKI v. JOHN CHMIELL CO.

(Circuit Court of Appeals, First Circuit. May 9, 1919.)

No. 1400.

Appeal and error ⚌339(2)—Decree of dismissal as to one of several trade-marks not final with respect to time for appeal; "final decree."

    In a suit to enjoin infringement of four trade-marks and for an accounting of profits from their use, and from unfair competition in connection with their use, a decree dismissing the bill as to one of the trade-marks is not appealable, under Judicial Code, § 128 (Comp. St. § 1120), as a final decree, and where the appeal was not taken within the time prescribed by section 129 (section 1121) for appeals from interlocutory decrees the appeal will be dismissed.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by Albert G. Groblewski against the John Chmiell Company. From a decree dismissing the bill in part, plaintiff appeals. On motion to dismiss. Appeal dismissed without prejudice.

Lucius E. Varney, of New York City (Emery, Booth, Janney & Varney, of New York City, on the brief), for appellant.

George A. Rockwell, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. In its bill of complaint as amended July 9, 1917, the plaintiff sets forth five causes of action under new equity rule 26 (201 Fed. v, 118 C. C. A. v). Four of the causes of action are based upon four different trade-marks, which are alleged to have been infringed by the defendant, and the fifth cause is based upon a general

charge of unfair competition in connection with the use of all the trade-marks. In the prayer of the bill it asks that the defendant be enjoined from using the trade-marks and required to render a full and complete account of all profits derived from the use thereof and of profits derived from unfair trade and competition in connection with such use, and in connection with the use of labels, wrappers, etc., and account for and pay over to the plaintiff all of the damage caused by the infringement complained of and by said unfair trade.

In 1910, the plaintiff sued the defendant's predecessor for infringement of trade-mark "Zmijecznik," alleged as one of the trade-marks in the present bill, and for unfair competition in the use of the same. In that suit the Circuit Court for the District of Massachusetts entered the following decree:

"This cause came on to be heard on the motion of the defendant, and it appearing that defendant's answer was filed on May 2, 1910, that said answer was not excepted to, that no replication was filed on or before the next succeeding rule day thereafter, to wit, June 6, 1910, and that no replication is now on file:

"Now, therefore, upon consideration thereof, and in accordance with rule 66, it is ordered, adjudged, and decreed that the bill of complaint be and the same hereby is dismissed, with costs."

In its answer, among other things, the persent defendant pleaded, as a defense to the cause of action based upon the trade-mark "Zmijecznik," the 1910 judgment. The issue raised by this plea was heard under new equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), in advance of a hearing upon and determination of the other grounds of complaint stated in the bill, and on May 20, 1918, the District Court rendered the following decree:

"That the bill of complaint be and the same hereby is dismissed, with costs, as to all the issues common to this cause and to the cause of Albert G. Groblewski v. John Chmielnicki, Equity No. 688, in this court, in which a final decree was entered June 6, 1910."

From this decree the plaintiff, on November 13, 1918, more than 5 months after the entry of the decree, took this appeal. The defendant has filed a motion, asking that the appeal be dismissed on the ground that this court is without jurisdiction to entertain the same, claiming that the decree appealed from is not final, but interlocutory, and that the appeal was not taken within the time prescribed by section 129 of the Judicial Code (Comp. St. § 1121).

If the decree of dismissal is interlocutory, then, although it involves a refusal to grant an injunction restraining the defendant from using the trade-mark "Zmijecznik," the appeal would have to be dismissed, as it was not taken within 30 days after the entry of the decree. If, on the other hand, it was a final decree, the appeal should be upheld, as it was seasonably taken under section 128 of the Judicial Code (Comp. St. § 1120).

In support of its contention that the decree is a final decree, and that the appeal was properly taken, the plaintiff relies upon Scriven v. North, 134 Fed. 366, 67 C. C. A. 348 (C. C. A. 4th Circuit), and Historical Publishing Co. v. Jones Bros. Publishing Co., 231 Fed. 784, 145 C. C. A. 655 (C. C. A. 3d Circuit). On the other hand, the defend-

ant calls attention to Stromberg Motor Devices Co. v. Arnson et al., 239 Fed. 891, 153 C. C. A. 19 (C. C. A. 2d Circuit), and Ex parte Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707, and cases there cited.

There is undoubtedly a conflict of authority upon the question, but we think we should take the course pursued in Stromberg Motor Devices Co. v. Arnson et al. and Ex parte Enameling Co., and dismiss the appeal. The plaintiff and defendant are the only parties to the controversy. The different trade-marks set out as grounds of complaint in the bill are but items entering into the accounting which the plaintiff seeks, and the decree disposing of one of these items was not a final disposition of the controversy between the parties in the sense that rendered it appealable under section 128. Whether this would have been so, had the bill simply asked for an injunction against the use of the "Zmijecznik" trade-mark, we are not called upon to decide.

The appeal is dismissed, without prejudice and without costs.

See Collins v. Miller, 252 U. S. ——, 40 Sup. Ct. 347, 64 L. Ed. ——, decided by the Supreme Court March 29, 1920.