### HERRUP v. STONEHAM et al.

(Circuit Court of Appeals, Second Circuit. October 18, 1926.)

No. 19.

**1. Appeal and error ⬉9—Defendant brokers, in suit to annul plaintiff's consent to transfer of his account to another, held not entitled to appeal from order dismissing action as to trustee in bankruptcy of such transferee (equity rule 29).**

In customer's action against stockbrokers to annul his consent to transfer of his account to another and to require accounting, defendant brokers *held* not entitled to appeal from order dismissing action as to trustee in bankruptcy of the one to whom they had transferred plaintiff's account; their remedy being to assert such defense by answer under equity rule 29.

**2. Appeal and error ⬉76(1).**

A decision or order, to be appealable under Judicial Code, § 128 (Comp. St. § 1120), must be not only final, but complete, and final as to all parties, and whole subject-matter, and all causes of action involved.

15 F.(2d)—4

Appeal from the District Court of the United States for the Southern District of New York.

Action by Solomon R. Herrup against Charles A. Stoneham and another, copartners, wherein Gordon Auchincloss, trustee in bankruptcy of Ernest H. Clarke, was made a party defendant. From an order granting a motion to dismiss as to such trustee, certain defendants appeal. Appeal dismissed.

Plaintiff, on behalf of himself and others similarly situated, originally sued Stoneham, Robertson, and Clarke. Substance of his bill in equity is that Stoneham and Robertson, as partners, carried on a stockbroking business, and Herrup had a "margin account" with them. Plaintiff's orders were "bucketed," and statements were furnished to him that were false, but the falsity thereof was unknown to plaintiff.

After this had gone on for some time, Stoneham and Robertson told plaintiff that they were about to retire from business, and had agreed to transfer his account, with others, to Clarke, who was responsible and of good financial standing. Relying upon these representations, plaintiff consented to the transfer of his account to Clarke. Stoneham and Robertson did not turn over to Clarke all the securities in their possession belonging to plaintiff, but converted the same to their own use, and Clarke was cognizant of this scheme. A little more than a year after the transfer of account to Clarke, the latter became bankrupt, and Auchincloss was elected trustee.

The prayer of the bill is that plaintiff's consent to the transfer be annulled, that defendants account for all property by them received from the plaintiff, and that such property be declared a trust fund.

Stoneham and Robertson moved to dismiss the complaint, the motion being the equivalent of a special demurrer, on several different grounds. This motion was denied, but the court apparently on its own motion directed that the bill be amended, so as to make the trustee, Mr. Auchincloss, a party defendant.

Thereupon the trustee formally appeared and moved to dismiss the bill as to himself, and this motion was granted without in any way passing upon any of the merits of the controversy as to the parties originally sued, and to this motion to dismiss as to the trustee the plaintiff formally consented. Clarke, an adjudicated bankrupt, apparently paid no attention to these proceedings, but Stoneham and Robertson appealed from the order dis-

missing Auchincloss, assigning for error that the court erred in refusing to hold Clarke's trustee in bankruptcy to be either a necessary or a proper party defendant.

Leo J. Bondy, of New York City (Charles H. Tuttle and Murray C. Bernays, both of New York City, of counsel), for appellants.

Kohlman & Austrian, of New York City (Carl J. Austrian and Saul Lance, both of New York City, of counsel), for trustee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. [1] The facts recited show that the trustee in bankruptcy does not think plaintiff has a cause of action against him, and plaintiff agrees with the assertion. The order complained of amounts to no more than a consent order of discontinuance as to the trustee. Why or how the persons, whom the plaintiff wishes to sue and has sued, can assert a right to keep the trustee as a defendant is hard to see.

A plaintiff can sue whom he likes at his peril; if he sues the wrong people, or too many or too few people, so much the worse for him. In this case, if Stoneham et al. think the plaintiff's bill fails because too few are sued—i. e., because the trustee is left out—they can advance that defense by answer (equity rule 29), and when and if final decree goes against them they can on appeal complain of the nonjoinder of the trustee.

[2] But this consent discontinuance is wholly interlocutory; it is not a "final decision," within Judicial Code, § 128 (Comp. St. § 1120). To be appealable, the decision or order must be "not only final, but complete," and final, "not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." Collins v. Miller, 252 U. S. 364 at page 370, 40 S. Ct. 347, 349 (64 L. Ed. 616). And cf. Stromberg v. Arnson, 239 F. 891, 153 C. C. A. 19.

Appeal dismissed, with costs.