### HIGGINBOTHAM–BAILEY–LOGAN CO. et al. v. INTERNATIONAL SHOE CO. et al.

Circuit Court of Appeals, Fifth Circuit. January 10, 1929.

Rehearing Denied February 13, 1929.

No. 5355.

Lee G. Carter and Elihu E. Berwald, both of Dallas, Tex. (Carter & Berwald, of Dallas, Tex., on the brief), for appellants.

Allan V. McDonnell, of Waco, Tex., for appellees Shoe Company and Duff, trustee.

J. S. Kendall, of Munday, Tex., for appellee Mercantile Company.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from an order refusing to vacate and set aside the appointment of a receiver in a bankruptcy proceeding. Appellees move to dismiss the appeal.

We gather from the record and the briefs and argument of counsel, that the material facts are as follows:

The Tucker Mercantile Company made an assignment of all its assets for the benefit of its creditors, which was accepted by practically all of them. However, the International Shoe Company (Peters Branch) did not accept, and, alleging the assignment as an act of bankruptcy, and that the unsecured creditors were less than 12, filed a petition to have the Tucker Mercantile Company declared a bankrupt, on December 19, 1927, and on the same day applied for the appointment of a receiver, alleging such action to be necessary for the preservation of the estate. After a hearing to which Vernor Hall, the assignee, was a party, appellee E. T. Duff was appointed receiver, and the assets were turned over to him by Hall without objection.

On January 3, 1928, the Tucker Mercantile Company filed its consent to be adjudicated bankrupt, and the adjudication was made on January 5, 1928. Appellants in separate proceedings, the first filed on January 2d, moved to set aside the appointment of the receiver. After a hearing, at which all parties were represented, the motion was denied, on January 27, 1928. On January 30, 1928, the first meeting of creditors was held, and Duff, the receiver, was appointed trustee, and thereafter filed an accounting as receiver. This appeal was taken on February 23d, some three weeks after the appointment of the trustee.

Conceding that, standing alone, the consent of the bankrupt is not sufficient grounds for the appointment of a receiver, nevertheless that appointment is in the sound discretion of the District Court. There is nothing in the record to indicate any abuse of discretion in this case. Furthermore, the receivership necessarily terminated with the appointment and qualification of the trustee. The issues now presented are moot, and there is nothing before us for determination. Farmers' State Bank v. Thompson (C. C. A.) 261 F. 166.

The appeal is dismissed, appellants to pay all costs.