**In re SIMON MANGES & SON, Inc., et al.**

**AMBASSADOR PROPERTIES CORPORATION et al. v. AMBASSADOR HOTELS CORPORATION.**

No. 287.

Circuit Court of Appeals, Second Circuit.

May 6, 1935.

494

Henry Ward Beer, of New York City, for appellants.

Dawes, Abbott & Littlefield, of New York City, for appellees Irving Trust Co. and Frank W. Kridel.

Rosenberg, Goldmark & Colin, of New York City (Milton M. Bergerman and Herman Jersawit, both of New York City, of counsel), for appellee Real Estate Bondholders' Protective Committee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

PER CURIAM:

The appellants sought to intervene and asked for the removal of temporary trustees appointed under section 77B of the Bankruptcy Act (11 USCA § 207), for the Ambassador Hotels Corporation, a debtor. Conditions were imposed, in an order of reference to the special master appointed to try the issues raised as to the qualifications of the trustees appointed. The order, entered on October 16, 1934, directed that a surety bond in the sum of $2,500 first be given to cover all the expenses of the reference, including the fees of the special master, which might be involved in the reference. Upon failure to file a notice of appearance and the bond by the 17th of October, 1934, the petition was to be deemed abandoned and withdrawn, and an order might be submitted dismissing the petition. Hearings before the special master were to commence not later than October 25, 1934, and appellant's evidence "must be concluded within thirty days from the said date," and it gave to the temporary trustees a period of thirty days to complete their evidence in answer to the appellants. It ordered that the appellants might have an audit of the books of the receivers, the expense of which they must bear in the first instance, but if they were successful on the issues raised on the reference, "they may then take up with the Court the question of the taxation of such charges and expenses as they may have laid out and expended for such independent audit."

The appellants are a class of bondholders who formed themselves into a committee desiring to protect their investment, and participated in these bankruptcy proceedings. Another committee has been allowed to intervene. By the order entered, the court below must be deemed to have permitted the appellants, as a committee, rights of intervention. They are entitled to present their claims, free of such conditions as were here imposed, in their efforts to protect their rights. If reference to a master was necessary, it should have been ordered without exacting such terms as the giving of a bond of indemnity, or conditions as to time limitations.

It now appears since the order appealed from was entered, the same trustees have been appointed permanent trustees. The question presented becomes moot. Permanent trustees are not the same as temporary trustees; they are distinct offices. The petitioners made no objection when they were appointed permanent trustees, another judge presiding, nor have they appealed from the order appointing them permanent trustees. Since the question is moot [Higginbotham-Bailey-Logan Co. v. International Shoe Co. (C. C. A.) 29 F.(2d) 994], the appeal must be dismissed.

Appeal dismissed.