## MASSACHUSETTS BONDING & INS. CO. v. PREFERRED AUTOMOBILE INS. CO.

### No. 8205.

Circuit Court of Appeals, Sixth Circuit.

April 4, 1940.

Robert P. Scholte, of Grand Rapids, Mich. (Howard Farrell, of Detroit, Mich., on the brief), for appellant.

Earl Waring Dunn, of Grand Rapids, Mich. (Harry E. Rodgers, of Grand Rapids, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appellant, an insurer of an automobile truck and trailer used and operated by Franklin Brothers, paid the judgment rendered in an Ohio Court against the insured for damages suffered by the decedent of the Ohio plaintiff in a highway collision. As assignee of Franklin Brothers, and asserting rights to subrogation, it sought contribution from the appellee by reason of the fact that the latter was likewise an insurer of the vehicles through a policy issued to one Combs who held the record title, and each insurance contract provided that in event of concurrent insurance the assured shall not recover a larger proportion of the entire loss than the amount mentioned in the policy bears to the total amount of all insurance applicable.

Judgment went against the appellant on the ground that the operation of the vehicles by Franklin Brothers was not comprehended by the coverage of the Combs' policy, since the truck and trailer had been loaned to Franklin Brothers not by Combs, the insured, but by one Webb, a third person not an adult member of the assured's household. The coverage clause

is printed in the margin.[1] The plaintiff's contention had been that Webb was a partner of Combs; that when the vehicles were purchased it was intended that title should be taken in the name of Webb and Combs jointly, but that because of Webb's poor credit standing the sellers had refused to consider a sale to Webb except for cash, and had executed the bill of sale to Combs alone. It was, however, the view of the court that the evidence showed not an agreement of partnership presently formed, but an agreement that a partnership should be entered into when the equipment had been fully paid for, Webb in the meanwhile becoming manager of the trucking business in which the equipment was used, and loaning the vehicles to Franklin Brothers without the knowledge or consent of Combs.

■ The case was tried to the court without a jury. The bill of exceptions contains no findings of fact specially made by the court, nor separate conclusions of law, nor does it appear that any proposed findings or conclusions were requested by the appellant. It made no motion for judgment and the record fails to disclose exceptions to the rulings of the court in the progress of the trial. It seems clear that the appeal must be dismissed because of failure to present a reviewable question for determination here. Hill v. Ohio Casualty Insurance Co., 6 Cir., 104 F.2d 695; Roach v. Minshall, 6 Cir., 85 F.2d 614; Sections 773 and 875, Title 28, U.S.C.A.

■ It is to be noted that the trial in the present case was concluded before the effective date of the Federal Rules of Civil Procedure. Had they controlled, the appellant's appeal would still be ineffective since while Rule 52, 28 U.S.C.A. following section 723c, requires the court to find the facts specially and state separately its conclusions of law, with requests for findings not imperative for purposes of review, yet Rule 46, though it renders formal exceptions to rulings unnecessary, still requires that the litigant make known to the court the action he desires the court to take, or his objection to the action taken by the court and his grounds therefor.

■ Reluctance to base decision upon procedural infirmity of the appeal has prompted careful exploration of the record. We are convinced that the court below accurately interpreted the omnibus coverage clause of the Combs policy, that the facts in evidence do not bring Webb's permission to Franklin Brothers to operate the insured vehicles within its terms, and do not support the allegation that Webb was a present partner of Combs. Finally, there is no demonstration of error in the conclusion that appellee was not bound by any partnership arrangement when it issued its policy to Combs individually if such arrangement existed.

The appeal is dismissed.

---

[1] Omnibus Coverage (12) Coverage under this policy shall include any person or persons while operating the insured automobile, (s) in the same manner and under the same conditions as it is available to the named assured; provided that the assured named herein has given permission to said persons for the use of said automobile, (s) or provided further that permission has been given to said individuals by an adult member of assured's household who is not a chauffeur or domestic servant.