DRYBROUGH v. WARE.

In re BAVARIAN BREWING CO., Inc.

No. 8222.

Circuit Court of Appeals, Sixth Circuit.

May 8, 1940.

John Marshall, Jr., of Louisville, Ky. (D. A. Sachs, Jr., and Peter, Heyburn, Marshall & Wyatt, both of Louisville, Ky., on the brief), for appellant.

Orie S. Ware, of Covington, Ky. (Sawyer A. Smith, of Covington, Ky., on the brief), for appellee.

Before SIMONS, HAMILTON, and ARANT, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Frederick W. Drybrough, Trustee, was a mortgagee of the Bavarian Brewing Company, a corporation liquidated in a bankruptcy proceeding pursuant to Section 77B of the National Bankruptcy Act, 11 U.S.C.A. § 207.

The debtor was engaged in operating a brewery at Covington, Kentucky, and under the orders of the court, all of its assets, except cash, were sold in bulk for $55,000 at public sale, free of liens. It had $2,-900.14 in cash, the total for distribution being $57,900.14, which, after marshaling liens, was distributed to creditors. There was set aside out of the proceeds $1,500 for distribution to those entitled thereto under appellant's mortgage. There were no exceptions or objections to the sale, but appellant appeals from the order of distribution and urges as error that at the time it was made, the validity and priority of his mortgage, which was later adjudged to be valid, had not been adjudicated. He contends he was entitled to receive out of the proceeds of the sale the proportion attributable to the property sold on which he had a superior lien (George Carroll & Bro. Co. v. Young, 3 Cir., 119 F. 576), and that the distribution of the proceeds of the sale was without lawful authority until there had been a final determination of his claim and its priority.

■ In considering the question sought to be raised by the appeal, it must be remembered that this court is not bound to reverse for errors which·are not prejudicial (In re McDuff, 5 Cir., 101 F. 241; Fisher v. Cushman, 1 Cir., 103 F. 860, 51 L.R.A. 292; Lazarus, Michel & Lazarus v. Harding, 5 Cir., 223 F. 50; In re Boston Dry Goods Company, 1 Cir., 125 F. 226; Higginbotham-Bailey-Logan Co. v. International Shoe Co., 5 Cir., 29 F.2d 994; In re Hoffman, 7 Cir., 17 F.2d 925; Rules of Federal Procedure, rule 61, 28 U.S.C.A. following section 723c), and the burden is on him who alleges error to show that it existed and was prejudicial. Marin v. Ellis, 8 Cir., 15 F.2d 321; In re Maki, 6 Cir., 18 F.2d 89.

■ It is a well-recognized rule that property in a bankruptcy proceeding, under certain conditions, may be sold free of liens and that thereafter creditors cannot assert any further claim to or lien against it, but their respective rights are transferred to the proceeds of the sale (Jones v. Springer, 226 U.S, 148, 157, 33 S.Ct. 64, 57 L.Ed. 161), and under such circumstances it becomes the duty of the court, after the money is paid in and before distribution, to determine the rank of all claims thereto and supervise the distribution and payment accordingly. Where there are several distinct demands of the same class, as is the case here, and the sum is insufficient to pay all, the purchase money must be applied to their payment pro rata and without preference. Union Trust Company v. Illinois-Midland R. Co., 117 U.S. 434, 468, 6 S.Ct. 809, 29 L.Ed. 963.

■ The record fails to show that the court in its order of distribution complied with the foregoing· requirements but it does not follow that appellant is entitled to reversal. The burden rests on him to demonstrate from the record that he would have received more than $1,500 if the distribution had been made pro rata and without preference. This is a fact question and the record contains no findings of fact specially made by the court nor does it appear that any proposed findings of fact or conclusions of law were requested by appellant and his exception to the order is general.

Even were Rule 52(a) of Federal Rules of Civil·Procedure in effect, the court would nevertheless be required to find the facts specially and state separately its conclusions of law. Order 37 of General Orders in Bankruptcy, effective February 13, 1939, 11 U.S.C.A. following section 53. While a request for findings is not prerequisite to an appeal, Rule 46, though eliminating the formal exceptions, retains the substance of the previous practice by requiring a party to make known to the court the action he desires taken or his objection to that taken by the court and his ground therefor. Massachusetts Bonding & Insurance Company v. Preferred Automobile Insurance Company, 6 Cir., 110 F.2d 764, decided April 4, 1940.

■ Rule 75(g) provides that the Clerk shall transmit to the appellate court, under proper seal, copy of the record designated by the parties, always including, even without designation, the material pleadings, findings of fact and conclusions of law, with the direction for entry of judgment thereon, the Master's report, if any, and the opinion.

Under these rules, it devolves·upon appellant to see that the record is brought to the court with such of the proceedings of the trial court as may be necessary for the proper presentation of the points on which he intends to rely [Rule 75(d)], and for lack of such record the court has the power to dismiss the appeal. Hill v. Railroad Company, 129 U.S. 170, 9 S.Ct. 269, 32 L.Ed. 651; Keene v. Whittaker, 13 Pet. 459, 38 U.S. 459, 10 L.Ed. 246. This power, however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, appellee will be directed to designate such additional papers, documents and proof used on the hearing below as he deems necessary for a proper presentation of the case and appellant will be required to file the same as a part of the record under penalty of a dismissal of the appeal (Cunningham v. German Insurance Bank, 6 Cir., 103 F. 932), or the court, in order to avoid injustice, may, on a proper suggestion or on its own motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions. Kelly v. Central Hanover Bank & Trust Company, 2 Cir., 85 F.2d 61; Rule 75(h) of Rules of Federal Procedure. We are of the opinion the record here shows such indifference to the rules on the part of appellant as to require dismissal of the appeal. In re Meifert, 6 Cir., 57 F.2d 861.

We are reluctant to base our decision on a defective record and, before arriving at this conclusion, have carefully studied it in order to avoid an injustice, but viewing the factual matters presented to us in the light most favorable to appellant, we are unable to apply the legal concept of apportionment on which he relies.

All of the debtor's property consisting of real estate, machinery, equipment and inventory, was burdened with distinct liens of different classes, most of them confessedly superior to appellants and when all are transferred to the proceeds of the sale the mass becomes so commingled and confused as to make it impossible to approximately determine the proportion attributable to the property on which appellant had a superior claim.

Appellant has filed only a part of the record and there is no showing what evidence, if any, the court heard for the purpose of ascertaining the portion of the purchase money attributable to the debtor's property on which the respective lienors had claims and appellant introduced no evidence as to his claimed apportionment. He undertakes to support his claim here by selecting specific items from two appraisals of the debtor's assets, of May 13, and November 26, 1937, respectively, the first showing a value of $420,695.19 and the last, of $126,998 on substantially the same property.

Neither of the appraisals identifies the items in lien to the respective lienors and it would be mere surmise to attempt to select the items out of them on which appellant claims a superior lien. Appellant advances the theory that correct apportionment of the proceeds of the sale may be determined by proportionately scaling down the appraised value of each item to the sale price. This is an assumption that the purchaser of the property bought each item in the inventory at an exact ratio to the appraised value but at a reduced price. The enforcement of rights and obligations in judicial proceedings depends upon issues disclosed by pleadings which must be supported by evidence offered by the parties and a decree may not be based on mere conjecture, supposition or speculation, which would be required of us if we adopted appellant's theory.

Appellant had notice of the sale which was made by the Special Master under the orders of the court and afterwards duly confirmed without objection. He made no request that the property on which he claimed a superior lien be sold separately and has produced no dependable evidence to determine the proportional value of the particular part bound by his lien to the gross purchase price. He ran the risk of his part of the fund becoming so commingled with the funds of other creditors as to defy separation on an equitable basis. Keyser v. Wessel, 3 Cir., 128 F. 281; In re Lockwood Grain Co., D.C., 225 F. 873; Vollmer v. McFadgen, 3 Cir., 161 F. 914.

Appeal dismissed.