563 F.2d 483
 UNIVERSAL SHIPPING, INC., Plaintiff, Appellee,
v.
The PANAMANIAN FLAG BARGE, etc., Defendant in rem, Appellant,
Caparra Stevedoring & Maritime Agencies, Inc., Intervening
Plaintiff, Appellee,
Industrial Fibers Corp. and The Puerto Rico Ports Authority,
Intervening Plaintiffs, Appellees.
 No. 75-1307.
 United States Court of Appeals,
First Circuit.
 Argued Feb. 9, 1976.
Decided May 21, 1976.
 
 Francisco G. Bruno Rovira, Hato Rey, P. R., with whom Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, Hato Rey, P. R., was on brief for appellant.
 Alex Gonzalez, Puerto Nuevo, P. R., with whom Gonzalez & Rodriguez, Puerto Nuevo, P. R., was on brief, for Caparra Stevedoring & Maritime Agencies, Inc., appellee.
 Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.
 COFFIN, Chief Judge.
 
 
 1
 Defendant, the Panamanian Flag Barge (the Barge) appeals from a judgment awarding plaintiff-intervenor Caparra Stevedoring and Maritime Agencies, Inc. (Caparra) $46,360.65 against it in rem. Caparra had furnished the Barge stevedoring services valued at $10,596.72 and had advanced the Barge's charterer, Apollo Shipping Limited (Apollo), a total of $35,763.93 for the apparent purpose of enabling the charterer to purchase supplies and other necessaries for the Barge.[1] The district court concluded that Caparra enjoyed a maritime lien against the vessel under 46 U.S.C. § 971 and accordingly entered the in rem judgment. On appeal, the Barge argues that the stevedoring services and advancements were provided solely to the vessel's charterer, that the Barge therefore was not subject to a maritime lien, and that Caparra's only remedy is against the vessel charterer in personam. We reject this contention and affirm.
 
 
 2
 It is clear that Apollo, as the vessel charterer, had the power to subject the Barge to contract liens since there is no evidence that the charter-party contained a clause prohibiting the creation of such liens. See 46 U.S.C. §§ 972, 973; G. Gilmore & C. Black, The Law of Admiralty, § 9-39 (2d Ed. 1974). There is no basis for concluding that Caparra waived its rights to a maritime lien. See 46 U.S.C. § 974; Crustacean Transportation Corp. v. Atlanta Trading Corp., 369 F.2d 656, 660-61 (5th Cir. 1967). The only serious question is whether a contract lien can arise with respect to both stevedoring services and cash advances. Stevedoring services are plainly necessaries within the meaning of § 971. See International Terminal Operating Co. v. SS Valmas, 375 F.2d 586, 588 & n. 4 (4th Cir. 1967). Although the rule with respect to advances is not so well established, we believe that advances that are made for the purpose of allowing a vessel to purchase items covered by § 971 give rise to a maritime lien. It is clear that advances made to allow a vessel to discharge lien claims acquire the status of the liens discharged, see G. Gilmore & C. Black, supra at § 9-21, and we believe it follows that an advance that is made with the purpose of permitting the vessel to purchase supplies and other necessaries must also give rise to a maritime lien. See Crustacean Transportation Corp. v. Atlanta Trading Corp., supra at 659; Pavlis v. Jackson, 131 F.2d 362, 365 (5th Cir. 1942).
 
 
 3
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 While the district court made no findings concerning the purpose of the advances, the record clearly reflects that some of the money that was advanced was intended to permit the Barge to purchase supplies and other necessaries, and defendant made no attempt, either in the district court or on appeal, to establish that the rest of the money was either advanced or used for a different purpose. It has, therefore, forfeited any claim that there is insufficient evidence that some of the advances were intended to enable the purchase of items covered by § 971. Compare Fed.R.Civ.P. 46. Cf. Shepard v. General Motors Co., 423 F.2d 406 (1st Cir. 1970); Fleming v. Van Der Loo, 82 U.S.App.D.C. 74, 160 F.2d 906 (1947); Massachusetts Bonding & Ins. Co. v. Preferred Auto Ins. Co., 110 F.2d 764 (6th Cir. 1940)